**WO**                                                                                                                  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Carl David Fulton,                                  )   No. CV 12-192-PHX-GMS (MHB)
                                                    )
      Plaintiff,                                    )   **ORDER**
                                                    )
vs.                                                 )
                                                    )
                                                    )
Phoenix Police Department, et al.,                  )
                                                    )
      Defendants.                                   )
                                                    )
_____                 )

Plaintiff Carl David Fulton, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Nelson and Zacharias to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . . .

**III.    Complaint**

Plaintiff names the City of Phoenix Police Department and City of Phoenix Police Officers Richard Nelson, Seth Zecharias, and Unknown Officers as Defendants in the Complaint.

Plaintiff raises four claims for relief.  In Count I, Plaintiff claims that his Eighth Amendment rights were violated when Defendants Zacharias and Nelson used excessive force against him.  Plaintiff claims that Defendants pulled him out of a holding cell and then, because Plaintiff moved slowly and did not understand what they were telling him, put Plaintiff in a headlock, took him down to the floor and the repeatedly punched and kicked him in the ribs.  Plaintiff claims that Defendants then put him in handcuffs, tightened the handcuffs to the point of excruciating pain, and yanked on his finger in an attempt to remove his ring.

In Count II, Plaintiff claims that his Fourth Amendment rights were violated when Phoenix Police Officers searched his personal property without a warrant and confiscated some of his property as evidence.  Plaintiff claims that they have not returned the property.

In Count III, Plaintiff claims that he was not read his Miranda rights before being booked in the jail.

In Count IV, Plaintiff claims that in July 2011 he became a danger to himself and others and "Wanted to turn [himself] in."  Plaintiff alleges that the Phoenix police officers told him that he did not have a warrant, nothing appeared on their computer, and they could not help Plaintiff.

Plaintiff seeks money damages and injunctive relief.

**IV.    Failure to State a Claim**

    **A.    Phoenix Police Department**

A municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury.  Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

1 Accordingly, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff has not alleged that his injuries occurred as a result of a policy or custom of the City of Phoenix or the City of Phoenix Police Department. The Court will therefore dismiss Defendant City of Phoenix Police Department.

**B.     Count II**

In Count II, Plaintiff claims unidentified City of Phoenix Police Officers wrongfully searched his belongings and confiscated his property for evidence.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff's allegations in Count II are vague and conclusory allegations against a group of unidentified individuals.[1] This is insufficient. Therefore, the Court will dismiss without prejudice Count II.

---

[1] Moreover, Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an unidentified defendant.

### C.    Count III

With respect to Plaintiff's claim that he was denied his Miranda[2] rights, Plaintiff fails to state a claim pursuant to § 1983. The Constitution and laws of the United States do not guarantee Plaintiff the right to receive Miranda warnings. The Fifth Amendment only guarantees the right to be free from self-incrimination. Miranda warnings are designed to protect a suspect's Fifth Amendment rights; the Miranda warnings are not themselves the constitutional right to be free of self-incrimination. See Davis v. United States, 512 U.S. 452, 458 (1994). Therefore, the failure to give Miranda warnings does not create liability in civil rights actions because Miranda warnings are not themselves constitutionally required. See Hensley v. Carey, 818 F.2d 646, 649-50 (7th Cir.1987) ( inadequate Miranda warnings do not violate a constitutional right in a § 1983 action).

### D.    Count IV

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff has failed to allege a constitutional or federal-law violation in Count IV. Plaintiff has therefore failed to state a claim in Count IV.

## V.    Claims for Which an Answer Will be Required

Liberally construed, Plaintiff's allegations in Count I adequately state a Fourteenth Amendment excessive force claim against Defendants Zacharias and Nelson.[3] The Court will order Defendants Zacharias and Nelson to answer Count I of the Complaint.

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

[3] The Fourteenth Amendment Due Process clause, not the Eighth Amendment, protects pretrial detainees from excessive force that amounts to punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).

1  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
2  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
3  in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.66.

(3)    Counts II, III, and IV and Defendants City of Phoenix and Unknown Officers are **dismissed** without prejudice.

(4)    Defendants Zacharias and Nelson must answer Count I.

(5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

1 Defendants Zacharias and Nelson.

2     (6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    (7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

    (8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

    (9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

1     Procedure, unless otherwise ordered by the Court.

2     (10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

4     (11) Defendants Zacharias and Nelson must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

7     (12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

10     (13) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of March, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge