WO                                                                                    **JWB**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Carl David Fulton,                    )       No. CV 12-0192-PHX-GMS (BSB)
                                      )
          Plaintiff,                  )       **ORDER**
                                      )
vs.                                   )
                                      )
Phoenix Police Department, et al.,    )
                                      )
          Defendants.                 )
_____)

      Plaintiff Carl Fulton brought this civil rights action under 42 U.S.C. § 1983 against Phoenix Police Officers Richard Nelson and Seth Zacharias (Doc. 1).  Before the Court is Defendants' Motion for Summary Judgment, to which Plaintiff did not respond.  In view of Plaintiff's failure to respond to the motion, Defendants requested summary disposition of their motion.  Plaintiff responded to the request for summary disposition and does not oppose it, but he requests an immediate appeal.  The Court will grant Defendants' summary judgment motion and dismiss this action.  The Court will take no action on Plaintiff's response to Defendants' request for summary disposition.

**I.    Procedural History**

      Plaintiff initiated this action in January 2012 and presented one claim for relief against Defendants (Doc. 1).  Plaintiff claimed that on July 17, 2011, Defendants pulled Plaintiff out of a cell and, because he did not move fast enough, proceeded to twist Plaintiff's arms; put him in a headlock; take him to the ground; and repeatedly punch him, kick him, and knee him in the ribs (id. at 3).  They allegedly told Plaintiff that they took these actions because he was stupid and retarded.  After the beating stopped, Plaintiff averred that Defendants handcuffed

1   Plaintiff to the "point of excruciating pain" and kept trying to take Plaintiff's ring off (id.).
2   The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and directed Defendants
3   to answer Count I (Doc. 5).[1]

4        Defendants move for summary judgment on the grounds they were not personally
5   involved in any alleged constitutional violation and, alternatively, any force used was not
6   excessive under Graham v. Connor, 490 U.S. 386 (1989) (Doc. 22).

7   **II.     Summary Judgment Standard**

8        A court must grant summary judgment "if the movant shows that there is no genuine
9   dispute as to any material fact and the movant is entitled to judgment as a matter of law."
10  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The
11  movant bears the initial responsibility of presenting the basis for its motion and identifying
12  those portions of the record, together with affidavits, that it believes demonstrate the absence
13  of a genuine issue of material fact.  Celotex, 477 U.S. at 323.

14       If the movant fails to carry its initial burden of production, the nonmovant need not
15  produce anything.  Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc., 210 F.3d 1099,
16  1102-03 (9th Cir. 2000).  But if the movant meets its initial responsibility, the burden shifts
17  to the nonmovant to demonstrate the existence of a factual dispute and that the fact in
18  contention is material, i.e., a fact that might affect the outcome of the suit under the
19  governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury
20  could return a verdict for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
21  248, 250 (1986); see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir.
22  1995).  The nonmovant need not establish a material issue of fact conclusively in its favor,
23  First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); however, it must
24  "come forward with specific facts showing that there is a genuine issue for trial." Matsushita
25  Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal citation
26  omitted); see Fed. R. Civ. P. 56(c)(1).

27

28                    

---

[1] The Court dismissed all remaining claims and Defendants (Doc. 5).

1    At summary judgment, the judge's function is not to weigh the evidence and

2    determine the truth but to determine whether there is a genuine issue for trial. Anderson, 477

3    U.S. at 249.  In its analysis, the court must believe the nonmovant's evidence, and draw all

4    inferences in the nonmovant's favor. Id. at 255.  The court need consider only the cited

5    materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

6    **III.   Defendants' Motion**

7    Defendants submit evidence that while they were responsible for arresting Plaintiff,

8    they remained at the scene to assist the Phoenix Firefighters to put out the fires Plaintiff had

9    started (Doc. 23, Ex. 1, Nelson. Aff. ¶¶ 15-17; id., Ex. 2, Zacharias Aff. ¶¶ 13, 16-17).

10   Plaintiff was then transported to the South Mountain Precinct by Officer Matthew Curry and

11   another unidentified officer took Plaintiff to the Fourth Avenue Jail (id., Defendants'

12   Statement of Facts (DSOF) ¶¶ 4-5).  Accordingly, Defendants argue that they cannot be

13   liable for any alleged excessive force because they had no contact with Plaintiff at the police

14   station or jail (Doc. 22).

15   On April 1, 2013, the Court issued a Notice, required under Rand v. Rowland, 154

16   F.3d 952, 962 (9th Cir. 1998), informing Plaintiff of his obligation to respond to Defendants'

17   motion and the requirements under Federal Rule of Civil Procedure 56 (Doc. 25).  Plaintiff

18   filed a motion for an extension of time to respond to Defendants' discovery requests (Doc.

19   24); however, he did not file a response to Defendants' motion.  To date, Plaintiff has not

20   submitted a summary judgment response.  The Court will therefore construe his verified

21   Complaint as an affidavit in opposition to the summary judgment motion (Doc. 1). See Jones

22   v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (allegations in a pro se plaintiff's verified

23   pleadings must be considered as evidence in opposition to summary judgment); Schroeder

24   v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (verified complaint may be used as an

25   affidavit opposing summary judgment if it is based on personal knowledge and sets forth

26   specific facts admissible in evidence).  The allegations in the Complaint are set forth above.

27   ///

28   ///

1    **IV.    Analysis**

2          To prevail on any § 1983 claim, a plaintiff must demonstrate that he suffered a

3    specific injury as a result of specific conduct of a defendant and show an affirmative link

4    between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72,

5    377 (1976).  In other words, a particular defendant's liability under § 1983 only exists where

6    a plaintiff makes a showing of personal participation by the defendant in the alleged

7    violation. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  A person deprives another

8    of a constitutional right when that person "does an affirmative act, participates in another's

9    affirmative acts, or omits to perform and act  which [that person] is legally required to do that

10   causes the deprivation of which complaint is made. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988

11   (9th Cir. 2007).  This causation inquiry must be individualized and focused on the duties and

12   responsibility of each individual defendant whose acts or omissions are alleged to caused the

13   deprivation. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (internal citation omitted).

14         Plaintiff's failure to respond to Defendants' motion is fatal to his excessive force

15   claim because the evidence is undisputed that Defendants did not transport Plaintiff to the

16   police precinct or jail and had no involvement with him after he was arrested.  And although

17   the allegations in Plaintiff's Complaint were sufficient to state an excessive force claim, <u>see</u>

18   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009), at summary judgment, where Defendants

19   have met their initial burden, Plaintiff must "go beyond the pleadings and . . . designate

20   specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324

21   (internal citation omitted).  Plaintiff has failed to make that showing; therefore, Defendants'

22   motion will be granted.  Thus, the Court need not reach Defendants' remaining contentions.

23         Plaintiff also appears to concede that summary judgment is appropriate because he

24   indicates that he cannot respond to Defendants' discovery requests (Doc. 29).  But to the

25   extent that Plaintiff seeks relief in his response to Defendants' request for summary

26   disposition, such a request is denied because Plaintiff does not explain what relief he seeks

27   or articulate with particularity how he has been unable to prosecute this case.  Plaintiff's

28

request for an immediate appeal is likewise denied.  If Plaintiff wishes to file an appeal, he may do so in conformity with the Federal Rules of Appellate Procedure.

**IT IS THEREFORE ORDERED**:

(1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Summary Judgment (Doc. 22) and it is **granted**.

(2)     Plaintiff's action is dismissed with prejudice**,** and the Clerk of Court must enter judgment accordingly.

(3)     For the reasons set forth herein, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from the judgment in this action would not be taken in good faith.

DATED this 10th day of July, 2013.

_____
G. Murray Snow
United States District Judge